UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY A. JONES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-516-GSL-JEM |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Gregory A. Jones, a prisoner without a lawyer, filed a complaint.[1] ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones alleges that he is an inmate housed in Indiana State Prison's "C" cell house. He further alleges that birds and pigeons have taken up residence in the cell house, and he has been harmed by breathing in their excrement. He is suing Warden Ron Neal and Debra Taylor, the Haz-Mat Supervisor and Pest-Control Inspector, for subjecting him to

---

[1] As explained in this court's June 26, 2024, order (ECF 5), the complaint names eight separate plaintiffs, but only Jones's claims are proceeding under this cause number.

unconstitutional conditions of confinement. Jones indicates that he complained to the defendants by way of letters or grievances beginning sometime in May 2024. ECF 2 at 8. Jones's grievances asked that all windows be fixed, all wall fans be decontaminated, all ventilation be repaired, and all pigeons be exterminated. *Id.* His complaint seeks both monetary damages and injunctive relief.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Prolonged exposure to infestations can be serious enough to amount to an Eighth Amendment violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D.Ill. 2016).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious

2

> risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

It is unclear how long Jones has resided in "C" cell house. The complaint says only that he has been there since "on or about 2024." ECF 2 at 6. He asserts that ten to fifteen pigeons are present on any given day, along with several small black or brown birds. There is allegedly pigeon excrement "everywhere." *Id.* This includes the fans in the unit, which are still in use, causing dried bird feces to enter the air.

The complaint alleges that, prior to March and April 2024, there was no sanitation plan in place, and no efforts were made to remove the pigeon excrement daily. *Id.* at 7. The complaint further alleges that, prior to March or April 2024, there was no plan to repair broken windows that were permitting the birds to enter or add filtration to the ventilation system. *Id.* He notes that no specialized equipment was brought in to clean the area prior to March or April 2024. *Id.* The complaint further alleges that there is a "substantial risk of harm in developing a [sic] untreatable respiratory problems prior to March or April 2024." *Id.* at 8. It is unclear from the complaint how, in response to grievances, sanitation procedures changed in March or April 2024.

The complaint indicates that "[a]ll plaintiffs have been experiencing respiratory health problems such as breathing, headaches, sinus problems" and "[a]ll plaintiffs had to seek medical attention for their respiratory problems." *Id.* at 9. The complaint indicates the plaintiffs are "[i]n fear of the substantial risk of harm in their health." *Id.* The complaint does not indicate what symptoms Jones experienced, when he started experiencing them, why he believes the symptoms are linked to the presence of pigeons, [2] when he sought medical care, or what medical care, if any, was provided. These allegations are too vague to state a claim.

Jones also filed two motions seeking a preliminary injunction. ECF 4; ECF 7. One of those motions is unsigned. ECF 4. Federal Rule of Civil Procedure 11(a) requires that all filings be signed. Here, the unsigned motion is, in substance, identical to the signed motion. Therefore, the unsigned motion (ECF 4) will be stricken and only the signed motion (ECF 7) will be considered.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

---

[2] "The risk of pigeon-related diseases is rare. People most at risk from these diseases are those who have a compromised immune system." https://www.nyc.gov/site/doh/health/health-topics/pigeon.page (last visited July 2, 2024). Jones has not indicated that he has a compromised immune system.

4

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the absence of a complaint that states a claim, a plaintiff cannot demonstrate a reasonable likelihood of success on the merits. Even if the complaint did state a claim, the allegations regarding how Jones was harmed are far too vague to support a finding that Jones will suffer irreparable harm in the absence of an injunction.

If Jones believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." Jones should write a **SHORT AND PLAIN** statement *explaining what happened to him in his own words.* He should avoid needless repetition of his allegations. This case has been severed from the cases of the other plaintiffs that Jones initially filed with, so *his amended complaint must focus on what has happened to him, not others*. He needs to include dates, explain what each defendant did wrong, and use each defendant's name every time he refers to that defendant. Once Jones has properly completed and personally signed the amended complaint, he needs to send it to the court.

For these reasons, the court:

(1) STRIKES the unsigned Motion for Preliminary Injunction (ECF 4);

(2) DENIES the signed Motion for Preliminary Injunction (ECF 7);

(3) GRANTS Gregory A. Jones until **July 30, 2024**, to file a signed, amended complaint addressing the deficiencies pointed out in this order; and

(4) CAUTIONS Gregory A. Jones that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 3, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT